United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 06, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SKYLINE EMS, INC., | ) | Case No. 25-70188-EVR |
| Debtor. | ) | |
| | ) | |
| | ) | |

ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION (1129(a))

On March 10, 2026, after hearing, the Court entered its *Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan Combined with Notice Thereof* [ Dkt.110] (the "Approval Order"), in the Chapter 11 Bankruptcy case of Debtor Skyline EMS, Inc., scheduling the hearing for confirmation on April 21, 2026 at 8:30 A.M. in the United States Bankruptcy Court, 10th Floor Courtroom, 1701 West Bus. Highway 83, McAllen, Texas. On April 7, 2026, the Court entered its *Order Re-Setting Confirmation Hearing and Fixing Time for Filing Acceptances or Rejections of Plan Combined with Notice Thereof* setting the hearing on plan confirmation for June 3, 2026 [ Doc. 114]. On June 3, 2026, the Court entered its *Order Re-Setting Confirmation Hearing and Fixing Time for Filing Acceptances or Rejections of Plan Combined with Notice Thereof* setting the hearing on plan confirmation for July 6, 2026 [ Doc. 137].

On July 6, 2026, the Debtor and its counsel appeared at the confirmation hearing for Debtor's 4TH Amended Plan filed on April 8, 2026, [Doc. 115], at which the Court heard testimony and arguments of counsel and considered the evidence. After considering the foregoing, the ballots, the evidence and testimony, and the arguments of counsel:

THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:

a. Debtor Skyline EMS, Inc., ("Debtor") filed a voluntary Chapter 11 Petition on July 7,

2025.

b.      This Court has jurisdiction over the subject matter of the Debtor's Chapter 11 case pursuant to 28 U.S.C. §§157(a) and 1334(a). The hearing on the confirmation of the Plan and the transactions and matters set forth therein is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for confirmation of the Plan, and approval of the transactions and matters set forth therein, are 11 U.S.C. §§1121-1142.

c.      Due, timely, sufficient and adequate notice of the Plan, any modifications of the Plan, the Confirmation Hearing, and the deadlines for voting on, and filing objections to, the Plan has been given to all known holders of claims, equity interests and other parties-in-interest in accordance with the procedures established by the order approving the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Bankruptcy Court and all other applicable laws, rules and regulations.

d.      The Plan contemplates a reorganization of the Debtor.

e.      The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

f.      The proponent of the Plan has complied with the applicable provisions of the Code.

g.      The Debtor shall pay the final United States Trustee's fee on the effective date.

h.      The Plan has been proposed in good faith and not by any means forbidden by law.

i.      All payments made or promised by the Debtor under the Plan for service of, for costs and expenses in, or in connection with, the Plan and incident to this case have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court.

j.      The identity and affiliations of any insider or individual who will be employed or retained by the Debtor as officer or director and the compensation for such insider or individual

have been fully disclosed.

k.      The classification scheme of Claims and Equity Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  Claims or Equity Interests in each particular Class are substantially similar to other Claims contained in such Class.

l.      All Classes of impaired creditors voting on the Plan voted for the Plan.

m.      With respect to each impaired class of claims or interest, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan an account of claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

n.      The Plan provides for the treatment of claims or interests in accordance with 11 U.S.C. §1129(a).

o.      The Plan is fair, equitable and feasible and is not likely to be followed by the liquidation or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

p.      The Plan meets all of the requirements of 11 U.S.C. §1129.

THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1.      The Debtor's Plan, as amended, and each of its provisions are hereby confirmed in accordance with sections 1129(a) and (b) of the Bankruptcy Code.

2.      The provisions of the Plan shall be binding upon the Debtor and all creditors and equity security holders, whether or not such creditors or equity security holders are affected by the Plan or have accepted it or have filed proofs of claims and whether or not their claims have been scheduled or allowed or are allowable.

3.     In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan as amended by this Confirmation Order is deemed accepted by each holder of a Claim against the Debtor that voted to accept the Plan, without the need to re-solicit the votes of such creditors on the Plan as amended, and is deemed accepted by each holder of an unimpaired claim deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

4.     Subject to further directions of the Court, the Debtor, and her respective representatives and agents are hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan, and any amendments, supplements or modifications thereto as may be appropriate, and to take such other steps and perform such other acts as may be necessary, useful or appropriate to implement and effectuate the Plan and all other related instruments and documents and this Confirmation Order, and to satisfy all other conditions precedent to the implementation and effectiveness of the Plan. The Debtor is hereby authorized to make distributions and other payments in accordance with the Plan in accordance with this Order or further orders of this Court.

5.     All creditors of the Debtor, the Debtor and all persons participating in these proceedings, and all other persons, are hereby permanently enjoined and restrained from doing any act or taking any action interfering with or tending to interfere with these proceedings or with the enforcement of or the carrying out of the terms and provisions of the Plan or from interfering with the Orders of this Court relative thereto, or from asserting, contrary to the provisions of said Plan and of the Bankruptcy Code, any right, title interest or claim, including the commencement or prosecution of any action, suit or proceeding.

6.     Any holder of an administrative claim against the Debtor, except the U.S. Trustee with respect to quarterly fees and for expenses incurred in the ordinary course of operating Debtor's business, shall file proof of such claim or application for payment of such administrative claim on or

within sixty (60) days after entry of this order of confirmation, if one has not been filed yet. If such administrative claim is not filed, with actual service upon counsel for the Debtor, it will be forever barred and extinguished and such holder of such claim, shall not be entitled to distribution or further notices in this case.

7. All pre-confirmation U.S. Trustee fees due as of the date of this order of confirmation shall be paid within thirty (30) days after entry of this order. The Debtor shall timely pay post-confirmation fees owed to the United States Trustee and assessed pursuant to 28 U.S.C. Sec. 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case. After confirmation, the Debtor shall file the monthly operating reports in the same format as pre-confirmation, with service on the United States Trustee for each month (or portion thereof) that the case remains open.

8. The administrative claim of Antonio Martinez, Jr. for professional services, after final approval of motion for final approval of such fees and expenses of such Motion, shall be paid in full, within 30 days after entry of Court order authorizing payment, unless Debtor and counsel for Debtor agree otherwise.

9. The proof of claim #5 of JRG Funding, LLC, although filed as a secured claim, shall be treated as an unsecured class 3 claim.

10. Upon request, the Debtor shall provide monthly bank statements from the account holding the Reserve Fund to JRG Funding LLC's counsel by e-mail to *mack@wilsonfriery.com*.

11. The provisions of the Plan are binding on all parties, including, but not limited to, creditors and equity security holders of the Debtor whether or not any such creditors or equity holders have accepted the Plan.

12. The failure to specifically to include any particular provisions of the Plan in this Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the

Plan be authorized and approved in its entirety.

13.     After the entry of this order, pleadings shall only be served upon the United States Trustee, and any party directly affected by the pleading and its counsel, if known (i.e., claims objections need only be served upon the person who filed the claim that is subject to the objection, its counsel, if known, and the United States Trustee).

14.     Payments to creditors of unsecured classes shall only occur following full payment of administrative claims, secured claims, and priority claims.

15.     Except as otherwise provided herein, the distribution to creditors shall be made in accordance with the provisions of the Confirmed Plan and Bankruptcy Rule 3003(c)(2).

16.     In the event and to the extent that any provision of this Order is determined to be inconsistent with any provision of the Plan or the Disclosure Statement, such provision of this Order shall control and take precedence.

17.     The reversal or modification of this Order on appeal will not affect the acts taken pursuant to the Plan, or any other agreement, document, instrument, or action authorized by this Order or under the Plan as to the Debtor or any other person acting in good faith, whether or not such person knows of the appeal, unless this Order is stayed pending appeal.

18.     To the extent that objections to the Plan are not specifically sustained herein, they are overruled and denied.

19.     The Court shall retain jurisdiction of this Chapter 11 case pursuant to the terms and as provided in the Plan and for the purposes set forth in the Code.

20.     Pursuant to 11 U.S.C. §1127(b), the Debtor may propose modifications to the Plan after the entry of this order and prior to substantial consummation if the circumstances warrant such modification and the Court, after notice and a hearing, confirms such plan as modified under section 1129.

**Signed: Monday, July 06, 2026**

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge